UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRZYSZTOF DOROZ,

                        Plaintiff,

v.                                                          6:18-CV-1444
                                                            (GTS/TWD)
DEIORIO'S FOODS, INC.,

                        Defendant.
_____

KRZYSZTOF DOROZ,

                        Plaintiff,

v.                                                          6:19-CV-0924
                                                            (GTS/TWD)
DEIORIO'S FOODS, INC.,

                        Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

KRZYSZTOF DOROZ
  Plaintiff, *Pro Se*
1399 Flagg Avenue
Utica, NY 13502

BARCLAY DAMON LLP                                          ROBERT P. HEARY, ESQ.
  Counsel for Defendant                                    ROSS M. GREENKY, ESQ.
3 Fountain Plaza
1100 M&T Center
Buffalo, NY 14203-1414

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in these related employment rights actions filed by Krzysztof

Doroz ("Plaintiff") against DeIorio's Foods, Inc. ("DeIorio's" or "Defendant"), are the following two motions: (1) Defendant's motion to dismiss the Complaint in Case No. 18-CV-1444 for failure to state a claim upon which relief can be granted (Dkt. No. 14 of Case No. 18-CV-1444); and (2) Defendant's motion to dismiss the Complaint in related Case No. 19-CV-0924 for failure to state a claim upon which relief can be granted (Dkt. No. 14 of Case No. 19-CV-0924). For the reasons set forth below, Defendant's motions are both granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Pleadings

#### 1. Plaintiff's Complaint in Case No. 18-CV-1444

Generally, in his Complaint, Plaintiff alleges that Defendant, his former employer, engaged in discriminatory actions against him related to his employment including paying him less than similarly situated employees and laying him off from his job based on his Polish national origin, ethnicity, accent, and age. (Dkt. No. 1, at 2, 10-11 of Case No. 18-CV-1444 [Pl.'s Compl.].) In particular, Plaintiff asserts the following three claims: (1) a claim of discriminatory termination in that he was laid off despite having more experience than other similarly situated employees who were younger and of a different national origin; (2) a claim of discriminatory disparate wages in that he was paid significantly less than similarly situated employees who possessed the same job and qualifications but who were younger and of a different national origin; and (3) a claim that Defendant's vice president failed to take action to remedy the alleged discrimination and Defendant did not return his "expensive toolbox" that he kept at Defendant's workplace, which Plaintiff alleges has resulted in an implied contract based on the anticipation of future employment (i.e., recall from layoff). (*Id.* at 3-6.)

In addition to the substantive allegations, Plaintiff also alleges that he filed his charges with the New York State Department of Human Rights ("NYSDHR") regarding the alleged discrimination on or about June 11, 2018, and that he received his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on or about September 20, 2018. (*Id.* at 4, 11, 13.) The attached document shows that the right-to-sue letter was dated September 17, 2018. (*Id.* at 8.)

### 2. Plaintiff's Complaint in Case No. 6:19-CV-0924

On July 29, 2019, Plaintiff filed a subsequent, related action in this Court through filing a Complaint in that action. (Dkt. No. 1 of Case No. 6:19-CV-0924.) The Complaint in that action alleges nearly identical facts and claims as in the current action, but includes a more-recent right-to-sue letter dated April 30, 2019. (Dkt. No. 1, at 4, 6, 9-11 of Case No. 6:19-CV-0924.) On October 10, 2019, Defendant filed a motion to dismiss in that action. (Dkt. No. 14 of Case No. 6:19-CV-0924.) As will be discussed in more detail in Part III.A. of this Decision and Order, the Court finds it appropriate to consolidate its decisions on the motions in these two actions and consider Defendant's motions together. The Court notes that the parties' relevant arguments related to the two motions to dismiss are essentially the same. As a result, the arguments will be summarized generally together below.

### B. Parties' Briefing on Defendant's Motions

### 1. Defendant's Memoranda of Law

Generally, in support of each of its motions to dismiss, Defendant makes four arguments. (Dkt. No. 16 of Case No. 18-CV-1444 [Def.'s Mem. of Law]; Dkt. No. 15 of Case No. 19-CV-0924 [Def.'s Mem. of Law].) First, as an initial matter, Defendant argues that the Court is

permitted to consider the NYSDHR complaints, the EEOC charges, and the NYSDHR determinations when rendering a decision on this motion to dismiss because the NYSDHR complaints and EEOC charges are incorporated by reference into the Complaint, and all three documents are integral to the Complaint.  (Dkt. No. 16, at 4-5 of Case No. 18-CV-1444; Dkt. No. 15, at 5-6 of  Case No. 19-CV-0924.)

Second, Defendant argues that Plaintiff's discrimination claims are untimely because the EEOC charge was filed more than 300 days after the last alleged instance of discriminatory conduct; in particular, Defendant argues that the last alleged discriminatory act (Plaintiff's layoff) occurred on January 14, 2017, but that Plaintiff did not file his NYSDHR complaint or EEOC charge until June 11, 2018.  (Dkt. No. 16, at 6 of Case No. 18-CV-1444; Dkt. No. 15, at 6-7 of Case No. 19-CV-0924.)  Defendant argues also that dismissal is supported by the EEOC right-to-sue letter of September 17, 2018, which indicates that the reason for dismissal of his charge was that his claims were time-barred.  (*Id.*)

Third, Defendant argues that Plaintiff's age discrimination claim in particular must alternatively be dismissed because he failed to exhaust his administrative remedies as to that claim in that he did not assert age discrimination as a basis in his EEOC charge and he does not meet any of the recognized exceptions for overlooking a failure to exhaust.  (Dkt. No. 16, at 7-8 of Case No. 18-CV-1444; Dkt No. 15, at 8-9 of Case No. 19-CV-0924.)

Fourth, Defendant argues that Plaintiff has failed to state a claim pursuant to the Equal Pay Act because he has not alleged that he was paid an unequal wage on the basis of his sex as required by that statute.  (Dkt. No. 15, at 10-11 of Case No. 19-CV-0924.)

### 2.     Plaintiff's Opposition Memoranda of Law

Generally, in his opposition memoranda of law, Plaintiff asserts three arguments relevant to Defendant's motion.  (Dkt. No. 20, at 2-8 of Case No. 18-CV-1444; Dkt. No. 20, Attach. 3, at 2-17 of Case No. 18-CV-1444; Dkt. No. 24, at 2-8 of Case No. 19-CV-0924; Dkt. No. 24, Attach. 1 of Case No. 19-CV-0924; Dkt. No. 24, Attach. 2 of Case No. 19-CV-0924.)  First, Plaintiff argues that his filing was not untimely because he should be entitled to the benefit of equitable tolling under the circumstances.  (Dkt. No. 20, at 3-6 of Case No. 18-CV-1444; Dkt. No. 20, Attach. 3, at 4-15 of Case No. 18-CV-1444; Dkt. No. 24, at 3-7 of Case No. 19-CV-0924; Dkt. No. 24, Attach. 2, at 4-13 of Case No. 19-CV-0924.)  More specifically, Plaintiff argues that he filed a complaint with the New York State Department of Labor's ("NYSDOL") Working Solutions career center within the 300-day time period under the assumption that the administrative director of that center would forward it to the appropriate agency; however, the administrative director not only did not forward it to the appropriate agency, but waited 90 days to inform him that he had filed it with the wrong agency.  (*Id.*)  Plaintiff argues that he should not be held responsible for NYSDOL's mismanagement of his complaint.  (*Id.*)  Plaintiff also argues that Defendant has waived its right to raise untimeliness as a defense because it had previously made a settlement offer to Plaintiff and only resorted to claiming untimeliness after being dissatisfied with Plaintiff's counteroffer.  (*Id.*)

Second, Plaintiff argues that he has asserted claims under the Equal Pay Act, which are subject to a two-year statute of limitations rather than the 300-day filing requirement, and therefore that claim is timely.  (Dkt. No. 20, Attach. 3, at 2 of Case No. 18-CV-1444.)

Third, Plaintiff argues generally that he has stated claims for pay inequality and age and

national origin discrimination because he has pled facts plausibly suggesting that he was paid less than younger American workers who performed the same job, and that he was laid off while younger non-Polish workers were retained after his layoff. (Dkt. No. 20, at 6-8 of Case No. 18-CV-1444; Dkt. No. 20, Attach. 3, at 3 of Case No. 18-CV-1444; Dkt. No. 24, at 5-8 of Case No. 19-CV-0924; Dkt. No. 24, Attach. 1, at 8-10 of Case No. 19-CV-0924; Dkt. No. 24, Attach. 2, at 7-9, 13-15 of Case No. 19-CV-0924.)

### 3. Defendant's Reply Memoranda of Law

Generally, in reply to Plaintiff's opposition, Defendant asserts four arguments. (Dkt. No. 21 of Case No. 18-CV-1444 [Def.'s Reply Mem. of Law]; Dkt. No. 25 of Case No. 19-CV-0924 [Def.'s Reply Mem. of Law].) First, Defendant argues that Plaintiff's claims would be untimely even if equitable tolling were applied, noting that, on November 27, 2017, NYSDOL sent him a letter stating that it did not have jurisdiction to investigate his complaint and informing him that he had to file with NYSDHR or the EEOC, and yet Plaintiff did not file a charge with either of those agencies until June 11, 2018; thus, Defendant argues that, even if the Court were to toll the period of time between when he submitted his complaint to NYSDOL and when NYSDOL sent him the letter, his filing of his NYSDHR complaint or EEOC charge was still untimely. (Dkt. No. 21, at 3-6 of Case No. 18-CV-1444; Dkt. No. 25, at 4-8 of Case No. 19-CV-0924.)

Second, Defendant argues that the parties' discussion of settlement did not waive Defendant's timeliness defense because Plaintiff has not shown or even alleged that Defendant engaged in fraud or misrepresentation in conducting those settlement discussions so as to prevent Plaintiff from filing a timely EEOC charge, noting in particular that the negotiations took place after Plaintiff had filed his EEOC charge with the appropriate agency. (Dkt. No. 21, at 7-8 of

Case No. 18-CV-1444; Dkt. No. 25, at 8-10 of Case No. 19-CV-0924.)

Third, Defendant argues that Plaintiff's claim for age discrimination must be dismissed for failure to meet the conditions precedent to suit. (Dkt. No. 21, at 8-9 of Case No. 18-CV-1444; Dkt. No. 25, at 10-11 of Case No. 19-CV-0924.)

Fourth, Defendant argues that Plaintiff has not stated a claim under the Equal Pay Act because that Act covers only gender-based pay disparity and Plaintiff has alleged discrimination in his wages based on age and national origin only. (Dkt. No. 21, at 9-10 of Case No. 18-CV-1444; Dkt. No. 25, at 11-12 of Case No. 19-CV-0924.)

## II.     GOVERNING LEGAL STANDARDS

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

8

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
*Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an actionable

claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable

claim.  *Id*. at 555-70.  The Court explained that, while this does not mean that a pleading need

"set out in detail the facts upon which [the claim is based]," it does mean that the pleading must

contain at least "some factual allegation[s]."  *Id*. at 555.  More specifically, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level [to a plausible

level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks

and citations omitted).  However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability

requirement."  *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to

relief, "the tenet that a court must accept as true all of the allegations contained in the complaint

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1]    *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal

## III. ANALYSIS

### A. Whether Plaintiff's Two Related Cases Against Defendant Should Be Consolidated

After careful consideration, the Court answers this question in the affirmative and finds

that Plaintiff's two actions should be consolidated for the following reasons.

Pursuant to Fed. R. Civ. P. 42(a), a court may consolidate actions where those actions

involve common questions of law or fact. Fed. R. Civ. P. 42(a). "District courts enjoy

substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*,

138 S. Ct. 1118, 1131 (2018). "The Court may order consolidation upon its own motion, and the

consent of the parties is not required." *Tucker v. Kenney*, 994 F. Supp. 412, 415 (E.D.N.Y.

1998); *accord Nussbaum v. Spider, Inc.*, Nos. 09-CV-2023, 09-CV-2026, 2009 WL 2762785, at

*1 (E.D.N.Y. Aug. 24, 2009) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 [2d Cir.

1990]; *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 [2d Cir. 1999]).

Here, Plaintiff's two actions are based on Defendant's alleged discriminatory actions

against him related to his employment, with the only significant difference being that the

subsequent action additionally relies on a more recently issued right-to-sue letter. Plaintiff has

also offered this right-to-sue letter in his initial action, submitting it by letter on May 6, 2019, and

---

quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

urging the Court to consider it. As such, the Court finds that the two actions are so substantially similar that consolidation is warranted to conserve judicial resources and to assess Plaintiff's claims in the most efficient manner. *Tucker*, 994 F. Supp. at 415 (consolidating two cases brought by the same plaintiff against substantially the same defendants involving the same factual allegations and identical legal claims); *see In re Mergenthaler*, Nos. 15-CV-2031, 2032, 2033, and 2034, 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015) (*sua sponte* consolidating multiple bankruptcy appeals where the underlying orders being appealed all related to the same facts, involved the same parties, and were issued by the same judge, noting that "it would be more confusing to allow Appellant's cases to proceed separately than to consolidate them"). The Court additionally finds that consolidation will not be against the interests of justice and will not prejudice either of the parties.

Having found that consolidation is warranted, the Court will consider the motions to dismiss filed by Defendant in both actions, and all the related pleadings and permitted extrinsic evidence, together in this Decision and Order.

B.      **Whether Plaintiff's ADEA Claim Must Be Dismissed for Failure to Satisfy the Prerequisites to Suit**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. (Dkt. No. 16, at 7-8 of Case No. 18-CV-1444 [Def.'s Mem. of Law]; Dkt. No. 15, at 8-9 of Case No. 19-CV-0924 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

"Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in

federal court." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). "However, a claim that was not presented to the EEOC may still be pursued where the claim is 'reasonably related' to the claims that were brought before the agency." *Tanvir v. New York City Health & Hosps. Corp.*, 480 F. App'x 620, 621 (2d Cir. 2012). A claim is found to be reasonably related in three situations: (1) "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"; (2) where the claim alleges "retaliation by an employer against an employee for filing an EEOC charge"; and (3) "where the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 352 (E.D.N.Y. 2013) (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-02 [2d Cir. 1993]). "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving," and the central question is whether the EEOC complaint gave "adequate notice to investigate discrimination on both bases." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006); *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003).

Plaintiff's NYSDHR complaint No. 10195033, which was received on June 11, 2018 (and which is the basis of Case No. 18-CV-1444) includes the following relevant allegations: (1) Plaintiff was charging Defendant with "an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of national origin"; (2) Plaintiff was also charging Defendant with violating Title VII of the Civil Rights Act of 1964, which covers "race, color, creed, national origin, [and]

13

sex relating to employment"; (3) he checked only the box for "National Origin" under the section related to why he believed he was discriminated against, and he did not check the "Age" box; (4) he was laid off despite having greater seniority and better qualifications than retained employees; (5) he was not recalled from the layoff because of his "Polish descent and national origin"; (6) he has seen Polish workers treated badly while unqualified Bosnian workers are given favor; and (7) he was not paid equally "just because I was a Polish worker I believe." (Dkt. No. 15, Attach. 1, at 2-15 of Case No. 18-CV-1444.) The only mention of age is a single statement in his lengthy written section that Scott Hoke, "an American DeIorio LLC employee, younger than me," was paid a higher wage despite being less qualified. (*Id*. at 13.) Yet, even in this section, Plaintiff states that the wage disparity was "dishonest and I feel also deeply discriminated basis on my national of origin [sic];" he does not allege that the disparity was actually because of age. (*Id*.) As a result, the Court finds that his single notation to the fact that one of the other employees was younger than he was does not provide adequate notice of an age discrimination claim when taken within the full context of his complaint. Nor do Plaintiff's repeated references to "seniority" suggest an age claim; in particular, it is clear from the context of Plaintiff's use of the word that he intended it to describe the fact he had been working at Defendant's workplace longer than the comparitor employees, not the fact that he was older than those comparitors. (*See, e.g.*, Dkt. No. 15, Attach. 1, at 6 [alleging that supervisor laid him off despite his two years with the company, while retaining "two with 6 and 8 months seniority (lowest)], 9 ["Don Rehm (lowest seniority 8 months only)"], 11 [noting low-seniority workers such as "Mio, Bosnian-worker respectively 6 months" compared to Plaintiff's two years] of Case No. 18-CV-1444.)

Plaintiff's NYSDHR complaint No. 10196146, which was received on August 2, 2018

(and which was the basis of Case No. 19-CV-0924), includes the same or substantially similar allegations, without a single mention of age as a basis for the alleged discrimination. (Dkt. No. 16, Attach. 1, at 3-9 of Case No. 19-CV-0924.) In particular, when discussing the alleged pay disparity between him and Scott Hoke, he stated that it was because Mr. Hoke "is American worker not any Polish," and that his own lower compensation was "due to my national origin," without any mention of Mr. Hoke's age. (*Id.* at 9.)

Based on the allegations in both of these NYSDHR complaints, the Court finds that those complaints did not provide adequate notice to the NYSDHR or EEOC to investigate discrimination based on age along with discrimination based on national origin; as a result, Plaintiff has not shown that his more recent allegations of age discrimination would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of national origin discrimination. *See Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 353 (E.D.N.Y. 2013) (dismissing claims of age, race, ethnicity, and national origin discrimination because NYSDHR complaint alleged only disability discrimination with allegations related to disability); *see also Gonzaga v. Rudin Mgmt. Co., Inc.*, 15-CV-10139, 2016 WL 3962659, at *7 (S.D.N.Y. July 20, 2016) (finding that the fact that the plaintiff asserted his claim under Title VII without reference to the ADEA supported the conclusion that the age discrimination claim was not reasonably related to the Title VII retaliation claim).

For the above reasons, Plaintiff's ADEA claim is dismissed because he has failed to exhaust his administrative remedies as to that claim.

### C.     Whether Plaintiff's Discrimination Claims Are Untimely

After careful consideration, the Court answers this question in the affirmative as to all of

Plaintiff's federal discrimination claims other than his claim that Defendant failed to recall him from the layoff because of his national origin for the following reasons.

### 1. The Complaint In Case No. 18-CV-1444

In this Complaint, Plaintiff alleges that he was laid off on or around January 14, 2017. (Dkt. No. 1, at 5 of Case No. 18-CV-1444 [Pl.'s Compl.].)  He alleges that he filed his charge regarding the alleged discriminatory actions on or about June 11, 2018.  (*Id.* at 4, 11.)  By the allegations in Plaintiff's own Complaint, his due date to timely file a charge under federal law was November 10, 2017 (i.e., 300 days after January 14, 2017).  However, according to his allegations, he did not file his charge until nearly seven months after the time period to do so had expired.  The EEOC right-to-sue letter attached to Plaintiff's Complaint supports this, as it specifically notes that the reason it was closing its file on Plaintiff's charge was "No Jurisdiction-untimely filed over 300 days."  (Dkt. No. 1, at 14 of Case No. 18-CV-1444.)  As a result, the Court agrees with Defendant, that, on its face, the Complaint does not state facts plausibly suggesting that Plaintiff's charge was timely filed.

In response to this argument in Defendant's motion to dismiss, Plaintiff argues that his claims should nonetheless be found timely through application of the doctrine of equitable tolling, relying on facts that are not contained in the Complaint.  (Dkt. No. 20, Attach. 1, at 3-6 of Case No. 18-CV-1444; Dkt. No. 20, Attach. 3, at 4-5 of Case No. 18-CV-1444.)  Because of Plaintiff's *pro se* status, the Court construes Plaintiff's citation to additional facts as a request to amend the Complaint to assert such facts.  *See Shortell v. Off. of Court Admin.*, 12-CV-0534, 2012 WL 3230492, at *1 (E.D.N.Y. Aug. 6, 2012) ("Given plaintiff's *pro se* status, the Court construes [plaintiff's response asserting additional claims] as a motion to amend the complaint to

assert those claims.").  The Court therefore must consider whether such amendment would be futile.

In support of his request for equitable tolling, Plaintiff alleges that he filed his charge with the NYSDOL's "Working Solutions" career center in Utica on September 11, 2017, and that he assumed that NYSDOL would send his complaint to the appropriate agency to handle.  (Dkt. No. 20, Attach. 1, at 3-4 of Case No. 18-CV-1444.)  Plaintiff more particularly alleges that the "Administrative Director" of this career center "submitted his complaint form to the wrong agency," and that this misdirecting of his complaint was the cause of the delay that resulted in untimely filing of the charge.  (*Id.* at 3-4.)  NYSDOL sent him a letter on November 27, 2017, informing him that it had received his charge complaint on September 11, 2017, but that it did not have jurisdiction or authority to investigate his complaint.  (Dkt. No. 20, Attach. 2, at 14 of Case No. 18-CV-1444.)  Plaintiff alleges that, after receiving this letter, he filed a charge with the NYSDHR on his own behalf in hopes of filing his charge in a timely manner.  (Dkt. No. 20, Attach. 1, at 3-4 of Case No. 18-CV-1444.)

Plaintiff's additional allegations do not plausibly suggest that his charge was timely filed. Equitable tolling of a statute of limitations is appropriate when the litigant can establish two elements: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016); *see Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) ("Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period."); *Miller v. Int'l Telephone and Telegraph Corp.*, 755 F.2d 20, 24 (2d Cir. 1985) (noting

that the limitations period might be tolled where the plaintiff asserts his rights in the wrong forum). Even if the Court were to find that equitable tolling applies to Plaintiff's claim (given that he did not receive notice from NYSDOL that his "complaint" had not been filed with NYSDHR until after the period to do so had passed, and Plaintiff arguably acted diligently in attempting to file his complaint, even if it was in the wrong forum), the applicable tolled period would be from September 11, 2017 (the date he filed the complaint with NYSDOL) to November 27, 2017 (the date NYSDOL informed him that it did not have jurisdiction over his complaint and that he needed to file it with NYSDHR), a total of 77 days. Adding that tolled period to the original due date of November 10, 2017, Plaintiff's charge would have been due by January 26, 2018. However, as noted above, Plaintiff did not file his charge with the NYSDHR until June 11, 2018, which is still approximately six months beyond the 300-day statute of limitations. Plaintiff has offered no explanation as to why he waited approximately six months to file a complaint with the NYSDHR after learning his submission to the NYSDOL had not been forwarded to NYSDHR, asserting only that he "did everything in his power to file on time initially." However, the fact that he filed a timely complaint in the wrong forum initially does not excuse his failure to diligently pursue his rights once he learned that his previous complaint was not properly filed, and does not automatically entitle him to a finding that his subsequent NYSDHR complaint was timely.

The Court also rejects Plaintiff's argument that Defendant's settlement offer before this litigation waived Defendant's right to assert its untimeliness defense. (Dkt. No. 20, Attach. 1, at 4 of Case No. 18-CV-1444.) The Court notes that the cases cited by Defendant are inapplicable in this case because they are all based on an application of New York law, while Plaintiff's

claims in this action are based on an application of federal law (i.e., Title VII and the ADEA).[2] (Dkt. No. 21, at 7 of Case No. 18-CV-1444.)  However, Plaintiff does not cite any legal authority to support his argument that Defendant waived its right to assert its untimeliness defense by engaging in settlement discussions before raising that defense.  (Dkt. No. 20, Attach. 1, at 4 of Case No. 18-CV-1444.)  Of note, Defendant raised its untimeliness defense in its motion to dismiss in lieu of filing an Answer, a practice permitted under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(c) (indicating that affirmative defenses including statute of limitations must be affirmatively stated "[i]n responding to a pleading").  In particular, nothing in the Federal Rules of Civil Procedure requires a defendant to assert any affirmative defense during pre-Answer (or pre-motion-to-dismiss-in-lieu-of-Answer) dealings between the parties in order to avoid waiving those defenses.  The Court finds no legal or logical basis for concluding that participating in unsuccessful settlement discussions alone is sufficient to constitute a waiver of a statute of limitations defense.  *See In re Jacobs*, 03-BR-84455, 2007 WL 4163414, at *12 (E.D.N.Y. Bankr. Nov. 21, 2007) (rejecting argument that defendants had waived their ability to assert a statute of limitations defense due to their entry into a stipulation of settlement that was later rejected by the court).

Based on the above, even considering Plaintiff's newly asserted facts in his opposition memorandum of law as effective amendments to his Complaint (i.e., assuming the newly asserted facts are consistent with the Complaint), Plaintiff has failed to allege facts plausibly suggesting that the discrimination claims pursuant to Title VII and the ADEA were timely

---

[2]       The Court notes, however, that it would reach the same conclusion (i.e., that Defendant did not waive its defense) regardless of whether it applied New York or federal law.

asserted, and he therefore has not shown that he meets the conditions precedent to suit on these claims. The Court therefore finds that Plaintiff's suit on these claims is time-barred.

### 2.     The Complaint in Case No. 19-CV-0924

Having found that Plaintiff's two related cases should be consolidated, the Court must also consider whether consideration of his most recent right-to-sue letter (and its underlying factual circumstances) renders his Title VII or ADEA claims timely in any respect. In the complaint of July 29, 2019, Plaintiff alleges that he received this right-to-sue letter on or about April 30, 2019, or May 3, 2019. (Dkt. No. 1, at 4, 10 of Case No. 6:19-CV-0924.) The right-to-sue letter (which is attached to the complaint of July 29, 2019) is dated April 30, 2019, and indicates that the EEOC closed Plaintiff's file because it had adopted the findings of the state or local fair employment agency that investigated the underlying charge. (Dkt. No. 1, at 11 of Case No. 6:19-CV-0924.) Plaintiff appears to argue that, because the EEOC did not close this file based on any untimeliness of his charge, this right-to-sue letter serves as proof that his claims are not untimely.

The determination and order that the EEOC adopted underlying the right-to-sue letter (which was submitted by Plaintiff along with his opposition memorandum of law) indicates that the NYSDHR found that (a) there was no probable cause to believe that Defendant has engaged in the complained-of discriminatory practice, (b) many of Plaintiff's allegations "regarding his prior employment by [Defendant] and separation from employment are barred by the statute of limitations," and (c) Plaintiff's allegation that "he was not recalled to his prior position [since being laid off] because of his national origin is not substantiated" because he never applied for any positions since being laid off as required under the applicable procedures. (Dkt. No. 20,

Attach. 2, at 24 of Case No. 18-CV-1444.)[3]  Consequently, the fact that the EEOC adopted the

NYSDHR's determination rather than indicating specifically that Plaintiff's charge was time-

barred does not plausibly suggest that his claims were more recently found to be timely after

further investigation.  Rather, as discussed above, Plaintiff's allegations related to alleged

discriminatory conduct while he was employed by Defendant and the circumstances of his layoff

in January 2017 were still found to be barred by the statute of limitations; it was only his

allegations related to the failure to subsequently rehire him to his prior position that were

determined to be timely.  (*Id.*)  Nor does the fact that the NYSDHR investigated Plaintiff's

claims suggest that Plaintiff's claims were all timely.  *See Belgrave v. Pena*, 254 F.3d 384, 387

(2d Cir. 2001) (noting that a government agency does not waive a defense of untimely exhaustion

merely by accepting and investigating a discrimination complaint).  As a result, the more-recent

EEOC right-to-sue letter does not remedy the defects identified above related to Plaintiff's failure

to allege facts plausibly suggesting timely Title VII and ADEA claims related to conduct alleged

to have occurred on or before his layoff of January 14, 2017.

　　　To the extent that Plaintiff (in both Complaints) asserts a claim of discrimination

premised on Defendant's failure to rehire him to his job, the Court finds that Plaintiff has alleged

---

[3]　　　The Court finds that the NYSDHR's determination and order is integral to the complaint of July 29, 2019, because it bears on whether his claims are timely in that it delineates the scope of the EEOC's right-to-sue letter, which is directly referenced in that complaint. *Horsham v. Fresh Direct*, 136 F. Supp. 3d 253, 259 n.7 (E.D.N.Y. 2015) (finding that the NYSDHR's determination was a document integral to the complaint); *Rullan v. New York City Dept. of Sanitation*, 10-CV-8079, 2011 WL 1833335, at *1 n.1 (S.D.N.Y. May 12, 2011) (finding various documents, including the NYSDHR determination was integral to the complaint).  Additionally, the Court is permitted to "take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." *Johnson v. Cnty of Nassau*, 411 F. Supp. 2d 171, 178 (E.D.N.Y. 2006); *accord, Rullan*, 2011 WL 1833335, at *1 n.1.

facts plausibly suggesting that such claim is timely.  In particular, Plaintiff alleges that he has

been on layoff status since January 2017 and has never been officially terminated; thus, this

constitutes a continuing violation.  Because the alleged discriminatory failure-to-recall is

ongoing, Plaintiff's filing of his second NYSDHR complaint as to this specific issue is timely.

*See Knight v. Cnty of Cayuga*, 19-CV-0712, 2019 WL 5067901, at *7 (N.D.N.Y. Oct. 9, 2019)

(Hurd, J.) (noting that, for Title VII claims, a claim is timely pursuant to the continuing violation

doctrine so long as the claim is timely as to any incident of discrimination in furtherance of an

ongoing policy of discrimination"); *Antidormi v. Nat'l R.R. Passenger Corp.*, 18-CV-1344, 2019

WL 4170155, at *3 (N.D.N.Y. Sept. 3, 2019) (Sharpe, J.) (noting that the continuing violation

doctrine applies to calculating whether an EEOC charge was timely filed); *State Div. of Human

Rights v. Ozone Indus.*, 610 F. Supp 438, 440-41 (S.D.N.Y. 1985) (noting that Title VII

discrimination claims include failure to recall an employee from a layoff) .

 As a result, the Court finds that Plaintiff's discriminatory failure-to-recall claim is the

only federal claim asserted in either Complaint that was timely filed with the NYSDHR/EEOC,

and thus it is the only federal discrimination claim whose pleading sufficiency the Court must

assess.

 **D.**  **Whether Plaintiff's Failure-to-Recall Discrimination Claim Must Be Dismissed**

 After careful consideration, the Court answers this question in the affirmative for the

following reasons.

 To state a prima facie case of discriminatory failure to recall, the plaintiff must allege the

following five elements: "(1) that plaintiff is part of a minority; (2) that he was qualified to

perform the job in question; (3) that, when he was working, he satisfied the normal requirements

of the job; (4) that, following the layoff, a recall was conducted and, although eligible, plaintiff

was not recalled; and (5) that the individual who was recalled instead of plaintiff was a non-

minority former employee." *Ozone Indus.*, 610 F. Supp. at 440-41.

In this case, Plaintiff has failed to plead facts plausibly suggesting that Defendant recalled

any other laid-off workers, that it hired any workers of a different national origin subsequent to

his layoff for the same or similar position, or that he expressed interest to Defendant in being

recalled to an open position for which he was qualified.  The two workers Plaintiff discussed as

having been retained despite having less seniority than him (Don Rehm and "Mio") were, by

Plaintiff's own allegations, already working for Defendant when Plaintiff was laid off.  (Dkt. No.

1, at 5 of Case No. 18-CV-1444 [Pl.'s Compl.] [noting that these workers had been employed for

10 and six months, respectively, at the time of Plaintiff's layoff]; Dkt, No. 1, at 3, 9 of Case No.

19-CV-0924 [Pl.'s Compl.] [same]; [Dkt. No. 20, at 1 of Case No. 18-CV-1444 [alleging he was

"replaced" by Don Rehm and "Mio" as part of the layoff]; Dkt. No. 24, Attach. 1, at 1-2 of Case

No. 19-CV-0924 [same].)  Plaintiff also acknowledges (in his opposition memorandum of law

related to his subsequent case) that he did not apply for any open positions Defendant posted

during the period of his layoff, and he never alleges that he even expressed interest to anyone at

Defendant in being considered for those advertised positions or any others; he asserts that he

believes that he does not have to apply because he is on layoff and has not been officially

terminated, and therefore Defendant should have just given him an available job.  (Dkt. No. 24,

Attach. 1, at 4-5 of Case No. 19-CV-0924; Dkt. No. 24, Attach. 2, at 8 of Case No. 19-CV-0924.)

As a result, Plaintiff has not alleged facts plausibly suggesting that any failure to recall him was

discriminatory, particularly based on his national origin.

For the above reasons, Plaintiff's Title VII claim related to Defendant's alleged failure to recall is dismissed for failure to state a claim upon which relief can be granted.

### E. Whether Plaintiff's Claim Pursuant to the Equal Pay Act Must Be Dismissed

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. (Dkt. No. 21, at 9-10 of Case No. 18-CV-1444 [Def.'s Reply Mem. of Law]; Dkt. No. 15, at 10-11 of Case No. 19-CV-0924 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

To establish a prima facie case of discrimination pursuant to the Equal Pay Act, a plaintiff must show that (1) the employer pays different wages to employees of the opposite sex, (2) the employees perform equal work in jobs requiring equal skill, effort and responsibility, and (3) the jobs are performed under similar working conditions. *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). Thus, a plaintiff can succeed on an Equal Pay Act claim only if he or she is alleging a pay disparity based on gender, not race, national origin, or any other protected class membership. *See Campbell v. Corr. Med. Care, Inc.*, 14-CV-6136, 2014 WL 2608334, at *2 (W.D.N.Y. June 11, 2014) (dismissing Equal Pay Act claim where the plaintiff alleged disparate pay because of her race, not her gender); *Lyman v. NYS OASAS*, 928 F. Supp. 2d 509, 528 (N.D.N.Y. 2013) (D'Agostino, J.) (dismissing Equal Pay Act claim where the plaintiff did not allege that he was paid less than female employees who held jobs meeting the other requirements of that claim); *Boyar v. City of New York*, 10-CV-0065, 2010 WL 4345737, at *6 (S.D.N.Y. Oct. 28, 2010) (dismissing Equal Pay Act claim because "[t]he assertion of an Equal Pay Act claim in a complaint that does not allege sex discrimination in any fashion is frivolous"); *Lanzo v. City of*

*New York*, 96-CV-3242, 2000 WL 804628, at *3 (E.D.N.Y. May 18, 2000) (dismissing Equal Pay Act claim where the plaintiff alleged pay disparity based on race only).

In both Complaints, Plaintiff has alleged discrimination and pay disparity based on his national original, ethnicity, accent, and age. (Dkt. No. 1 of Case No. 18-CV-1444 [Pl.'s Compl.]; Dkt. No. 1 of Case No. 19-CV-0924 [Pl.'s Compl.].) Notably, although there appears to be a single female co-worker in the list of co-workers that received greater pay than him despite having less experience or qualifications, Plaintiff frames his allegations in terms of the fact that those co-workers were all "American," whereas he is Polish. (Dkt. No. 1, at 6 of Case No. 18-CV-1444 [Pl.'s Compl.]; *see also* Dkt. No. 1, at 4 of Case No. 19-CV-0924 [Pl.'s Compl.] [alleging the pay disparity was because "he was just from a different nationality"].) As a result, even construing Plaintiff's Complaints as raising the strongest claims they suggest, the Court cannot say that Plaintiff has alleged any discrimination or pay disparity based specifically on gender, nor is it apparent from the facts alleged that he could plausibly raise such a claim.

For the above reasons, Plaintiff's claim pursuant to the Equal Pay Act is dismissed.

### F.     Whether Plaintiff's State Law Claims Must Be Dismissed

After careful consideration, the Court answers this question in the affirmative and finds that dismissal of the state law claims without prejudice to refiling in state court is appropriate for the following reasons.

 Based on Plaintiff's *pro se* status, the Court has construed Plaintiff's Complaints as asserting a breach-of-contract claim related to Defendant's failure to recall him from layoff. Additionally, in his papers in opposition to Defendant's motion to dismiss in the subsequent related action, Plaintiff refers to a bill currently before the New York State Legislature related to

equal pay based on protected classes other than sex. (Dkt. No. 24, Attach. 2, at 14-15 of Case

No. 19-CV-0924 [discussing Bill No. S4482].)[4]  However, because this is merely a bill that has

not yet been enacted into law, it offers no basis for any legal claim of which Plaintiff can take

advantage.[5]

Although federal district courts have the discretion to exercise supplemental jurisdiction

over state law claims even after all claims of original jurisdiction have been dismissed, that

discretion is not boundless.  In making the determination to retain jurisdiction, the court must

balance "the traditional 'values of judicial economy, convenience, fairness, and comity.'"  *Kolari*

*v. New York-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) (quoting *Carnegie-Mellon*

*Univ. v. Cohill*, 484 U.S. 343, 350 [1988]).  The Supreme Court has instructed that "in the usual

_____

[4]	The website for the New York State Senate indicates that this Bill is currently still in the Committee stage.  *See Senate Bill S4482: Enacts the New York State Fair Pay Act*, https://www.nysenate.gov/legislation/bills/2017/S4482 (last visited Dec. 11, 2019).

[5]	The Court notes that New York did recently adopt changes to N.Y. Labor L. § 194 that expand the range of substantive rights, allowing employees to sue for disparities in pay based on a wide range of protected classes, whereas they were permitted to sue only as to disparities based on sex prior to the changes.  These changes were made effective on October 8, 2019.  However, there is no indication in the statute that these changes were intended to be retroactive to conduct occurring before the effective date.  *See Mulligan v. Murphy*, 199 N.E.2d 496, 498 (N.Y. 1964) (stating that "statutes are to be construed as prospective only, unless a clear expression of intent to the contrary is found"); *Cnty of St. Lawrence v. Daines*, 917 N.Y.S.2d 330, 332 (N.Y. App. Div. 3rd Dept 2011) (stating that "[u]nder New York law, retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it," and that it is "a fundamental rule of statutory interpretation that statutes affecting substantive rights and liabilities are presumed to have only prospective effect.").  However, whether those changes were intended to apply retroactively is an unsettled question of state law that would be better addressed by the New York courts.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.").

case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7; *see Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (noting that, although there are reasons supplemental jurisdiction might be retained by a federal court even after dismissal of the federal claims, "[i]n general . . . , our circuit takes a very strong position that state issues should be decided by state courts" and "a district court must have truly strong reasons to exercise supplemental jurisdiction over any state-law claims").

The Court finds that this is the usual case where the *Cohill* factors indicate that supplemental jurisdiction should not be retained. There is no federal interest involved in Plaintiff's state law claims; they involve matters of purely state law and would be more appropriately assessed by a state court. As a result, the Court finds that Plaintiff's state law claims should be dismissed without prejudice to refiling in state court within the applicable time periods related to those claims.

### G. Whether *Pro Se* Plaintiff Should Be Permitted an Opportunity to Amend His Complaints

After careful consideration, the Court answers this question in the negative. Although Plaintiff has not requested leave to amend his Complaints, the Second Circuit has clearly stated that "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal marks omitted). However, leave to may still be denied "where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile." *Harrison v. New York*, 95

F. Supp. 3d 293, 305 (E.D.N.Y. 2015) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 [2d Cir. 2000].)  This includes where a claim is dismissed on certain substantive grounds, such as where the statute of limitations has been found to have expired.  *Harrison*, 95 F. Supp. 3d at 305.

The Court finds that amendment of Plaintiff's federal claims pursuant to the ADEA, Title VII, and the Equal Pay Act related to discrimination based on age, national origin, or any other applicable classification discussed in Parts III.B. and C. of this Decision and Order would be futile because there are no allegations that Plaintiff could add to plausibly suggest that he meets the legal prerequisites for bringing these claims in federal court.

Additionally, the Court finds that allowing amendment of Plaintiff's failure-to-recall claim would be futile because it is clear to the Court that Plaintiff could not add factual allegations that would allow him to plausibly state a claim upon which releif can be granted.  The Court notes that it has already afforded Plaintiff substantial solicitude in construing the content of his many various papers submitted in opposition to Defendant's motions (as well as the content of his allegations in his NYSDHR complaints) as amendments to the Complaints where those documents contain allegations that were not included in the Complaints, and in considering the totality of all his allegations when determining the sufficiency of his Complaints.  (The Court has also ignored the vexatiousness of Plaintiff's having filed virtually identical complaints in this Court.)  The Court cannot conceive of any additional allegations that Plaintiff could add to the voluminous collection of allegations that the Court has already considered.  As a result, despite Plaintiff's *pro se* status, the Court finds that allowing an opportunity to amend would be futile.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motions to dismiss (Dkt. No. 14 of Case No. 18-CV-1444;

28

Dkt. No. 14 of Case No. 19-CV-0924) are **GRANTED;** and it is further

      **ORDERED** that Plaintiff's federal law claims pursuant to Title VII, the ADEA, and the

Equal Pay Act are **DISMISSED with prejudice**; and it is further

      **ORDERED** that Plaintiff's remaining state law claims are **DISMISSED without**

**prejudice** to refiling in state court within the applicable time periods related to those claims; and

it is further

      **ORDERED** that Plaintiff's Complaints (Dkt. No. 1 of Case No. 18-CV-1444; Dkt. No. 1

of Case No. 19-CV-0924) are **DISMISSED**.

Dated: February 3, 2020
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge